NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

RISH EQUIPMENT COMPANY,
Respondent.

No. 10168.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 11, 1966.

Decided April 7, 1966.

George B. Dreisen, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Melvin Pollack and Thomas Canafax, Attorneys, N. L. R. B., on brief), for petitioner.

George V. Gardner, Washington, D. C. (Frederick F. Holroyd, Charleston, W. Va., on brief), for respondent.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

The National Labor Relations Board has ordered Rish Equipment Company, a West Virginia corporation, to reinstate with reimbursement for lost pay, Jerry W. Dove, an employee at its Bluefield plant, whom the Board found was discharged on August 17, 1963 for union activity, in violation of sections 8(a) (3) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (3) and (1). 150 NLRB No. 116. At the same time the Board also found that the company had interfered with, restrained and coerced its employees in their right to join a labor organization as guaranteed by section 7 of the Act, 29 U.S.C. § 157, by oppressive interrogation, pretended surveillance and the discharge of Dove for union promotion. The Board ordered Rish to cease and desist from this conduct.

As Rish has refused to obey these directives, the Board petitions for enforcement. § 10(e), 29 U.S.C. § 160 (e). From our examination of the record we cannot say that the Board's find-

ings are not substantially underpropped by evidence, and we enforce the orders.

No profit would be afforded by detailing the evidence, except to explain one aspect. Parts Manager James Stone was held to be the leader in the offending coercion. The company denied it was answerable for Stone's actions because he was not in the management echelon. In a concurrent representation proceeding for the election of a union as the employees' bargaining agent, Stone had been declared by the Board's Regional Director to be a supervisor under the Act and not eligible to vote as a member of the bargaining unit. The company made no request for a review by the Board of the Director's decision.

The representation proceeding was consolidated with the present unfair labor practice proceeding for resolution by the Board's Trial Examiner of certain other issues raised before the Director in the election matter. At the hearing before the Trial Examiner the General Counsel of the Board asserted that the Regional Director's determination that Stone was a supervisor was conclusive and could not be relitigated before the Trial Examiner. The argument was that in failing to request a review of the Director's decision, the company was precluded from seeking to have it overturned by the Trial Examiner. See Section 102.67, Rules and Regulations of the National Labor Relations Board, Series 8, as amended; § 10(e) of the Act, 29 U.S.C. § 160(e). We do not pass upon this question, because while the Trial Examiner was of opinion to sustain the General Counsel's point, to avoid any doubt he heard evidence on the status of Stone. He concluded that Stone was a supervisor within the definition in the Act, § 2(11), 29 U.S.C. § 152(11). Again we cannot say that this conclusion of the Trial Examiner, which was adopted by the Board with all of his other findings, was not supported by the evidence.

Orders enforced.